UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JEROLD WILLIAMS,

                            Plaintiff,                  **MEMORANDUM & ORDER**
                                                                     13-CV-1860 (MKB)
                v.

FRANK MARTZ COACH COMPANY, PATRICK
GRAHAM and LIANG TIAN,

                            Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       On February 27, 2013, Plaintiff Jerold Williams commenced the above-captioned case against Defendants Frank Martz Coach Company ("Martz"), FH Family LP ("FH Family"), Patrick Graham, and Liang Tian, in New York State Supreme Court, Kings County. On April 3, 2013, Defendants removed the case to this Court. On July 10, 2013, the parties stipulated to the dismissal of all claims against FH Family ("July 10, 2013 Stipulation"). (Docket Entry No. 34.) On July 10, 2013, Martz and Graham ("Defendants") requested a pre-motion conference in anticipation of, *inter alia*, moving to transfer this action to the Middle District of Pennsylvania. (Docket Entry No. 33.) At the pre-motion conference on September 12, 2013, the Court heard oral argument and denied Defendants' application to transfer venue without prejudice. (Minute Entry dated Sept. 12, 2013.) On January 6, 2014, Defendants again moved pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Middle District of Pennsylvania. By Memorandum and Order dated May 14, 2014, the Court denied Defendants' motion. Defendants now move the Court to reconsider its May 14, 2014 decision. For the reasons set forth below, Defendants' motion for reconsideration is denied.

## I. Background

### a. The Parties

Martz is a bus company, based in Pennsylvania, that operates bus routes throughout the United States. (Compl. ¶ 3.) Martz leased and operated a 2008 MCI M819 bus bearing a Pennsylvania license plate (the "Bus").[1] Graham, employed by Martz, operated the Bus in the course and scope of his employment with Martz. (*Id.* ¶¶ 5, 10.) Tian was and is a resident of Rochester, New York. (*Id.* ¶ 2.) Plaintiff was and is a resident of Kings County, New York. (*Id.* ¶ 1.)

### b. March 6, 2011 accident

On or about March 6, 2011, Graham drove the Bus to New York, where he picked up passengers, including Plaintiff. (*Id.* ¶ 14.) While traveling north on Interstate 380 in Lackawanna County, Pennsylvania, the Bus and a 2007 Nissan (the "Car"), operated by Tian, "crashed," and the Bus overturned. (*Id.* ¶¶ 15–18.) Another vehicle, occupied by Rene Phillips and operated by her husband Lamont Phillips, also crashed.[2] (Def. Mem. 2.) Mr. Phillips sustained fatal injuries. (*Id.*) Plaintiff "sustained severe, serious and permanent personal

---

[1] FH Family owned the Bus, which it leased to Martz. (July 13, 2013 Stipulation ¶¶ 1–2; Compl. ¶ 6.) Martz operated the Bus and was responsible for its repair and maintenance. (July 13, 2013 Stipulation ¶¶ 3–4.)

[2] Defendants submitted a "police crash report" from the accident which sets forth the details of the crash. (Police Crash Report dated July 22, 2011, annexed to the Affirmation of Christina M. Rogers-Spang ("Rogers-Spang Aff.") as Ex. B.) According to the police crash report, the Phillips' vehicle was stopped on the left lane/shoulder area of the interstate after their vehicle was involved in a crash. (*Id.* at 14.) Another vehicle, Tian's Nissan, was stopped in the "right lane and middle of the interstate." (*Id.* at 15–16.) The Bus, was traveling north on the interstate when it moved from the right lane to the left lane/shoulder area to avoid colliding with the Nissan. (*Id.* at 15) As the Bus moved to the left lane, it struck Mr. Phillips and the Phillips' vehicle. (*Id.*) The Bus continued north and struck a guard rail located off the right side of the interstate. (*Id.*) The Bus then rolled over, coming to a final rest on its passenger side facing north in the left lane of the interstate. (*Id.*)

2

injuries." (Compl. ¶ 19.) Plaintiff alleges that the accident and Plaintiff's injuries were caused by the carelessness, recklessness and negligence of Defendants in the ownership, operation, management, control and supervision of their respective motor vehicles. (*Id.* ¶ 20.)

## II. Discussion

### a. Standard of Review

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Local Civ. R. 6.3 (The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."); *Smith v. New York City Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013). It is thus "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)), *as amended*, (July 13, 2012). In other words, "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hidalgo v. New York*, No. 11-CV-5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012) (citation and internal quotation marks omitted). A motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision, . . . nor does it present 'an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012

WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (citations omitted). Moreover, "a party may not, on a motion for reconsideration, raise an argument for the first time." *Image Processing Tech., LLC v. Canon Inc.*, No. 10-CV-3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) (alteration, citation and internal quotation marks omitted) (collecting cases). In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters *that were put before the Court on the underlying motion*." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (emphasis added) (citations and internal quotation marks omitted); *see also Henderson v. City of New York*, No. 05-CV-2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (citations and internal quotation marks omitted)); *cf. Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because a party is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." (alteration, citations and internal quotation marks omitted)).

    **b.   Defendants are not entitled to reconsideration**

Defendants argue that "new information that was not available to them or to the Court" at the time they submitted their motion will alter the Court's analysis with respect to the convenience of the parties, and thus change the Court's underlying decision. (Def. Mem. 4.) Specifically, Defendants state that Plaintiff has been incarcerated in Lackawanna County Prison

in Scranton, Pennsylvania since September 2013. (*Id.*)  Defendants note that Plaintiff's "current residence" is now less than two miles from the Middle District of Pennsylvania. (*Id.*)

Plaintiff's incarceration was not a fact presented to the Court during its initial consideration of Defendants' motion to transfer venue.  (*See id.* ("new information that was not available to . . . the Court").)  As such, the Court did not *overlook* Plaintiff's incarceration and therefore, Plaintiff's incarceration cannot serve as the basis for Defendants' motion for reconsideration.  *See Lee v. Torres*, No. 11-CV-2659, 2013 WL 125925, at *1 (E.D.N.Y. Jan. 9, 2013) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." (quoting *Montblanc–Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010))); *Simms v. City of New York*, No. 10-CV-3420, 2011 WL 4344202, at *1 (E.D.N.Y. Sept. 14, 2011) ("The law in this Circuit is clear: a party is not permitted to put forth new facts, issues or arguments that were not presented to the court on the original motion." (quoting *Cohen v. Federal Express Corp.*, No. 07-CV-1288, 2007 WL 1573918, at *4 (S.D.N.Y. May 24, 2007))); *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, No. 00-CV-3613, 2004 WL 1943099, at *11 (S.D.N.Y. Aug. 27, 2004) ("The Court cannot overlook legal arguments it was not presented with in the motion papers. . . .  It is well established that [a] motion for reconsideration is [also] not a vehicle for plugging the gaps of the lost motion with additional matters." (alterations in original) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 186 F. Supp. 2d 402, 410–11 (S.D.N.Y. 2002))); *Bueno v. Gill*, 237 F. Supp. 2d 447, 449 (S.D.N.Y. 2002) ("A motion for reconsideration is limited to bringing to the Court's attention controlling authority or factual matters presented to the Court in the underlying motion and overlooked.").

In addition, the Court notes that Plaintiff's deposition was held at Lackawanna County Prison on April 29, 2014, (*see* Ex. B, annexed to Defendants' Mot. for Reconsideration), over two weeks before the Court issued its May 14, 2014 Memorandum and Order denying Defendants' motion to transfer venue to the Middle District of Pennsylvania. At no point did Defendants attempt to contact the Court to apprise it of this, allegedly important, fact.[3]

## III. Conclusion

For the foregoing reasons, Defendants' motion to reconsider the Court's May 14, 2014 Memorandum and Order denying transfer of action to the Middle District of Pennsylvania is denied.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: June 30, 2014
      Brooklyn, New York

---

[3] Furthermore, Plaintiff's "walking distance" proximity, (Def. Mem. 5), to the Middle District of Pennsylvania does not make that forum more convenient for Plaintiff than the Eastern District of New York since Plaintiff cannot freely travel to either district while incarcerated. *See Mohsen v. Morgan Stanley & Co. Inc.*, No. 11-CV-6751, 2013 WL 5312525, at *8 n.8 (S.D.N.Y. Sept. 23, 2013) (noting that the plaintiff's incarceration in Arizona made it impossible for him to travel to the current forum of the Southern District of New York or to the proposed forum of the Central District of California).